United States Bankruptcy Court
Middle District of Pennsylvania

In re:                                                        Case No. 19-00485-RNO
John P. Cupelli                                               Chapter 13
Alice A. Cupelli
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0314-5        User: CGambini        Page 1 of 1        Date Rcvd: May 01, 2019
                           Form ID: pdf002        Total Noticed: 18


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 03, 2019.
db/jdb      +John P. Cupelli,    Alice A. Cupelli,    316 Dunmore Street,    Throop, PA 18512-1145
5158542     +Carlotta Credit,    3374 Scranton/Carbondale Highway,    Blakely, PA 18447-2406
5176125     +Figi's Gifts,    c/o Creditors Bankruptcy Service,    P O Box 800849,    Dallas, TX 75380-0849
5158543     +One Stop Auto,    PO Box 265,    Dunmore, PA 18512-0265
5176306     +Regional Hospital of Scranton,    c/o PASI,    PO Box 188,    Brentwood, TN 37024-0188
5158544      Specialized Loan Servicing, LLC,    PO Box 636007,    Littleton, CO 80163-6007
5158545     +Stern & Eisenberg, PC,    1581 Main Street, Ste. 200,    Warrington, PA 18976-3403
5184593     +U.S. Bank National Association Trustee (See 410),    c/o Specialized Loan Servicing LLC,
             8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5159244     +E-mail/Text: bankruptcy@cavps.com May 01 2019 19:48:23    Cavalry SPV I, LLC,
             500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-2321
5176123     +E-mail/Text: bankruptcy@sccompanies.com May 01 2019 19:47:49    Figi's Gallery,
             c/o Creditors Bankruptcy Service,    P O Box 800849,    Dallas, TX 75380-0849
5170090      E-mail/PDF: resurgentbknotifications@resurgent.com May 01 2019 19:46:57    LVNV Funding, LLC,
             Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5170013      E-mail/Text: bkr@cardworks.com May 01 2019 19:47:49    MERRICK BANK,
             Resurgent Capital Services,    PO Box 10368,    Greenville, SC 29603-0368
5185766      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 01 2019 19:47:12
             Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
5158920     +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 01 2019 19:46:55
             PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5184010     +E-mail/PDF: resurgentbknotifications@resurgent.com May 01 2019 19:47:15    PYOD, LLC,
             Resurgent Capital Services,    PO Box 19008,    Greenville, SC 29602-9008
5169017     +E-mail/Text: /CAP_BNC_Notices@jcap.com May 01 2019 19:48:22    Premier Bankcard, Llc,
             Jefferson Capital Systems LLC Assignee,    Po Box 7999,    Saint Cloud Mn 56302-7999
5176128     +E-mail/Text: bankruptcy@sccompanies.com May 01 2019 19:47:49    Stoneberry,
             c/o Creditors Bankruptcy Service,    P O Box 800849,    Dallas, TX 75380-0849
5189082      E-mail/Text: bkrcy@ugi.com May 01 2019 19:48:35    UGI Utilities, Inc.,    P.O. Box 13009,
             Reading, PA 19612
                                                                                      TOTAL: 10


            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*         +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                            TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 03, 2019                          Signature:   /s/Joseph Speetjens


---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 1, 2019 at the address(es) listed below:
              Charles J DeHart, III (Trustee)   TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor   U.S. Bank National Association, as Trustee, successor
               in interest to Bank of America, National Association as successor by merger to LaSalle Bank
               National Association, as Trustee for certificateholder bkgroup@kmllawgroup.com
              Mark J. Conway    on behalf of Debtor 1 John P.  Cupelli info@mjconwaylaw.com,
               connie@mjconwaylaw.com;mjc@mjconwaylaw.com
              Mark J. Conway    on behalf of Debtor 2 Alice A.  Cupelli info@mjconwaylaw.com,
               connie@mjconwaylaw.com;mjc@mjconwaylaw.com
              United States Trustee   ustpregion03.ha.ecf@usdoj.gov
                                                                                      TOTAL: 5

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>    John P. Cupelli and<br>    Alice A. Cupelli | CHAPTER 13<br>CASE NO.:   5–bk–19–00485<br><br>⊠  ORIGINAL PLAN<br>     AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)<br><br>0 Number of Motions to Avoid Liens<br>0 Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ⊠ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ⊠ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ⊠ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further  notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

   1. To date, the Debtor paid $ $0 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ Click or tap here to enter text., plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 05/2019 | 04/2024 | $63.15 | Click or tap here to enter text. | 63.15 | 3,788.84 |
| Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. |
| Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. |
| Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. |
| Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. |
| | | | | Total Payments: | 3,788.84 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

   4. CHECK ONE: (☒) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

2

**B.** Additional Plan Funding From Liquidation of Assets/Other

    1.    The Debtor estimates that the liquidation value of this estate is $ Click or tap here to enter text.. (Liquidation value is calculated as the value of all non- exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

    ☒    No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced*

**2. SECURED CLAIMS.**

    **A.** **Pre-Confirmation Distributions.** *Check one.*

    ☒    None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

    **B.** **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

    ☐    None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

    ☒    Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| One Stop Auto | Ford Taurus | Click or tap here to enter text. |
| Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. |
| Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. |

3

**C.** __Arrears (Including, but not limited to, claims secured by Debtor's__
__principal  residence)__. *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Lackawanna River Basin Sewer Authority | Residence – 316 Dunmore Street, Throop | $134.40 | Click or tap here to enter text. | $134.40 |
| U.S. Bank, N.A. | Residence – 316 Dunmore Street, Throop | $29,162.11 | Click or tap here to enter text. | Debtor has Requested a Modification* |
| Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. |

*The Debtors seek to modify the mortgage with U.S. Bank, N.A.  The balance on the mortgage is approximately $95,164.40, per the Proof of Claim filed on 4/11/19.  The property value is estimated at $8,000.00.  In the event the Debtors are unable to obtain an approved modification of their mortgage within one (1) year from the Petition date, the Trustee shall be allowed to certify a default hereunder and the Debtors may elect to file an Amended Plan or the case may be dismissed.

**D.** __Other secured claims (conduit payments and claims for which a § 506__
__valuation is  not applicable, etc.)__

☒ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

**E.** __Secured claims for which a § 506 valuation is applicable.__ *Check one.*

☐ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

☒ Claims listed in the subsection are debts secured by property not described in § 2.D of  this plan. These claims will be paid in the plan according to modified terms, and liens  retained until the earlier of the payment of the underlying debt

4

determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| U.S. Bank, N.A. | Residence – 316 Dunmore Street, Throop | $80,000.00 | Click or tap here to enter text. | Click or tap here to enter text. | Applying for Modification |
| Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. |
| Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. | Click or tap here to enter text. |

    **F.** **Surrender of Collateral**. *Check one.*

       ☒    None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

    **G.** **Lien Avoidance**. *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

       ☒    None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3.** **PRIORITY CLAIMS.**

    **A.** **Administrative Claims**

    1.  Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

    2.  Attorney's fees. Complete only one of the following options:

       a.  In addition to the retainer of $ 1,000.00 already paid by the Debtor, the amount of $ 3,310.00 in the plan. This represents the unpaid balance of the presumptively

Case 5:19-bk-00485-RNO    Doc 27    Filed 05/03/19    Entered 05/04/19 00:53:25    Desc
Imaged Certificate of Notice    Page 6 of 9

reasonable fee specified in L.B.R. 2016-2(c); or

    b. $ Click or tap here to enter text. per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

  3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

    ☒    None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

**B. <u>Priority Claims (including, certain Domestic Support Obligations</u>**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Click or tap here to enter text. | Click or tap here to enter text. |
| Click or tap here to enter text. | Click or tap here to enter text. |
| Click or tap here to enter text. | Click or tap here to enter text. |

**C. <u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)</u>.** *Check one of the following two lines.*

    ☒    None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4. UNSECURED CLAIMS**

  **A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u>** *Check one of the following two lines.*

    ☒    None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

  **B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

6

5.  **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following  two lines.*

    ☒      None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6.  **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon** *Check the applicable line:*

    ☒  plan confirmation.
    ☐  entry of discharge.
    ☐  closing of case.

7. **DISCHARGE: (Check one)**

    ☒      The debtor will seek a discharge pursuant to § 1328(a).
    ☐      The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date,   the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following

order:

Level 1: Click or tap here to enter text.

Level 2: Click or tap here to enter text.

Level 3: Click or tap here to enter text.

Level 4: Click or tap here to enter text.

Level 5: Click or tap here to enter text.

Level 6: Click or tap here to enter text.

Level 7: Click or tap here to enter text.

Level 8: Click or tap here to enter text.

7

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Click or tap here to enter text.

Dated: Click or tap to enter a date.                    /s/ Mark J. Conway
                                                         Mark J. Conway

                                                         /s/ John P. Cupelli
                                                         John P. Cupelli

                                                         /s/ Alice A. Cupelli
                                                         Alice A. Cupelli

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

8